**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
*GARRETT E. BROWN, JR.*
CHIEF JUDGE

CLARKSON S. FISHER BLDG. AND U.S. COURTHOUSE
402 EAST STATE STREET ROOM 2020
TRENTON, NEW JERSEY 08608

January 12, 2011

### LETTER ORDER

**RE:** *United States v. DiModica*, Criminal No. 98-114

Before the Court are Defendant's post-conviction petitions for relief (*see* Doc. Nos. 165, 166, 175) from the judgment of conviction entered on November 13, 1998. Defendant presently seeks (1) a writ of *audita querela* on the ground that this Court's jury instructions improperly expanded upon the RICO charge presented in the indictment, and (2) a new trial, on the grounds that this Court should have recused itself from the underlying trial.

The Government argues, and the Court agrees, that Defendant's requests for post-conviction relief are jurisdictionally barred pursuant to 28 U.S.C. § 2255(h). This provision provides that "[a] second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see also United States v. Baptiste*, 223 F.3d 188, 190 n.2 (3d Cir. 2000) (per curiam); *cf.* 28 U.S.C. § 2244(b)(2)–(3) (requiring same showing and certification by court of appeals for a defendant to bring a successive habeas petition). This limitation on successive post-conviction motions divests the Court of jurisdiction to hear such claims unless the moving party has obtained a certificate of appealability from the court of appeals. *E.g.*, *United States v. Trader*, 328 F. App'x 111, 112 (3d Cir. 2009); *United States v. Rodriguez*, 327 F. App'x 327, 329 (3d Cir. 2009). The instant motions present claims attacking Defendant's conviction and sentence that should have been brought in a § 2255 motion to vacate his sentence. Defendant has not shown there to be a gap in the availability of post-conviction remedies, and Defendant may not bypass the limitations on successive § 2255 motions by nominally seeking a writ of *audita querela* or filing a post-trial motion for recusal. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (affirming district court's conclusion that petitioner could not present § 2255 claim as a petition for a writ of *audita querela* in order to avoid § 2255's limitation on successive motions); *see also Baptiste*, 223 F.3d at 189–90 (same, petition seeking writ of *coram nobis*).

This Court denied Defendant's initial § 2255 motion on June 13, 2002, and the Third Circuit denied a certificate of appealability on June 24, 2003. *DiModica v. United States*, Civ. No. 01-1800, Doc. Nos. 9 (order denying petition), 12 (judgment of court of appeals). Defendant has not obtained a certificate of appealability for the present claims. Accordingly, this Court lacks jurisdiction over these claims, and it is hereby ORDERED that Defendant's requests for

post-conviction relief (Doc. Nos. 165, 166, 175) are DENIED. Should Defendant decide to bring successive collateral actions challenging his conviction and/or sentence, he must obtain a certificate of appealability from the U.S. Court of Appeals for the Third Circuit, upon a showing of new evidence or a new constitutional rule made retroactive by the Supreme Court of the United States.

    /s/ Garrett E. Brown, Jr.
Garrett E. Brown, Jr., Chief Judge
United States District Court